**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

███████████████████████
███████████████████████
███████

Plaintiff,

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.  23-cv-3301

## COMPLAINT

Plaintiff, ██████████████████████████████████ ("Plaintiff" or

'█████ by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, for its Complaint

against the Partnership and Unincorporated Associations identified on Schedule A (collectively

referred to as "Defendants") states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Nature of the Case

1.      This is a civil action for infringement of United States Patent Nos. ████████ and

████████ (the '██████ Patents") under the Patent Act, 35 U.S.C. §101 et seq., based on

Defendants' infringement through sales of ███████████████ on various e-commerce websites.

Copies of the ██████ Patents are attached as Exhibit A and B.

2.      Plaintiff sells a ████████████████████████████████████████

████████████████████████████████

3.  

4.

5.      Plaintiff is the sole owner of all right title and interest in and to United States Patent Nos. ██████████, used in connection with the product described in Paragraphs 1-3. See Exhibits A and B.

6.      This action has been filed by Plaintiff to combat e-commerce store operators who infringe upon Plaintiff's patented works by selling and/or offering for sale products infringing upon the ████ Patents ("Unauthorized ████ Products").

7.      Defendants use and operate fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases").

8.      Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized ████ Products to unknowing consumers.

9.      E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

10.     Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation.

---

[1] The e-commerce store URLs are listed on the Schedule A attached hereto.

11.     Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered ▉▉▉▉ Patents, as well as to protect unknowing consumers from purchasing Unauthorized ▉▉▉▉ Products over the Internet.

12.     Plaintiff has been and continues to be irreparably damaged through as a result of Defendants'actions and seeks injunctive and monetary relief.

**The Parties**

13.     Plaintiff is a limited company organized under the laws of the People's Republic of China.

14.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

15.     On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations.

16.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

17.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto.

18.     Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**Jurisdiction**

19.     This court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20.     This Court has personal jurisdiction over Defendants because Defendants transacted business relative to the claims made within the State of Illinois and within this District and because Defendants purposefully availed themselves of the benefits and privileges of conducting business activities within the State of Illinois and within this District.

21.     More particularly, Defendants utilize online retail accounts to promote and offer to sell the Unauthorized ▮▮▮ Products in Illinois and to Illinois residents, and provide for the shipment of the Unauthorized ▮▮▮ Products to customers in Illinois.

22.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

23.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are foreign defendants and are subject to this Court's personal jurisdiction as alleged above.

**Factual Background**

▮▮▮ *Patented Products*

24.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮

25.     Plaintiff is the assignee, and the sole and exclusive owner of all right, title, and interest in the ▮▮▮ Patents.

26.     Patent No. ▮▮▮▮ was duly and legally issued by the United States Patent and Trademark Office on ▮▮▮▮▮▮ .

27.     Patent No. ▇▇▇▇ was duly and legally issued by the United States Patent and Trademark Office on ▇▇▇▇▇▇

28.     Plaintiff sells its ▇▇▇ Products on ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ At all relevant times ▇▇▇ has provided notice that its products are protected by the ▇▇▇▇▇▇ patents. Attached as **Exhibit B** are screenshots of the Plaintiff's products sold on the aforementioned websites. Below is a promotional image used by Plaintiff in connection with the sale of the ▇▇▇ products:



*Defendants' Wrongful Acts*

29.     The success of the ▇▇▇ Patents has resulted in its significant counterfeiting.

30.     Plaintiff has launched a brand protection program to investigate suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers.

31.     Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Unauthorized ▮▮▮ Products to consumers in this Judicial District and throughout the United States. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in an increase in the shipment and importation of unauthorized products into the United States.

32.     Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to use false or inaccurate names and addresses when registering with these e-commerce platforms.

33.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Unauthorized ▮▮▮ Products to residents of Illinois.

34.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

35.     Plaintiff has not licensed or authorized Defendants to use the ▮▮▮ Patents and none of the Defendants are authorized retailers of genuine ▮▮▮ products.

36.     The ████ Patents are shown below, in a side-by-side comparison of a photo of the

actual infringing ██████, and the patented design.









37.     The products being offered for sale are ████████ that are substantially similar or identical in their ornamental appearance to the ornamental designs of the ██████ shown and described in the asserted patents.

38.     E-commerce store operators, like Defendants, commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

39.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized ████ Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators, like Defendants, to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

40.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized ████ Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Unauthorized ████ Products were manufactured by and come from a common source and that Defendants are interrelated.

41.     On information and belief E-commerce store operators like Defendants are in regular communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

42.     Counterfeiters, such as Defendants, typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators, like Defendants, maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, it has been reported that financial transaction logs from previous cases involving claims similar to the present claims indicate that off-shore counterfeiters regularly movefunds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

43.     On information and belief, Defendants are working in active concert to knowingly and willfully manufacture,import, distribute, offer for sale, and sell Unauthorized ███ Products in the same transaction, occurrence, or series of transactions or occurrences.

44.     Defendants' wrongful acts and/or willful infringements have caused and will continue to cause irreparable harm to Plaintiff unless permanently enjoined, for which Plaintiff has no adequate remedy at law.

45.     Defendants are profiting and will continue to profit from their unlawful actions.

## COUNT I
## DIRECT PATENT INFRINGEMENT

46.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 41 as if set forth fully herein.

47.     Defendants have infringed and/or are currently infringing, and unless enjoined will continue to infringe the ███ Patents.

48.     Defendants infringed ███ patent by importing, making, using, selling, and offering for sale identical or substantially similar versions of the protected ███ patented design that would cause a customer to confuse the Defendants'' product for the patented design.

49.     An ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the resemblance between the design of the accused products and the ███ Patents as to be induced to purchase the accused products believing they embody the designs of the ███ Patents.

50.     Defendants' deliberate and willful actions in infringing the design of the ███ Patents have caused and will continue to cause irreparable harm to Plaintiff unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

51.     Defendants have profited from and ███ has suffered damages as a result of Defendants' infringement of the ███ Patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants Identified in Schedule A as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.     further infringement of the ███ Patents, including, importing, making, using, selling, and offering for sale nearly identical versions of the protected Design;

b.    committing any acts calculated to cause consumers to believe that Defendants' Unauthorized █████ Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

c.    manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which infringe the █████ patents, or any reproductions, counterfeit copies or colorable imitations thereof;

d.    disposing of, destroying, moving, secreting, relocating, and/or transferring any and all of Defendants' Unauthorized █████ Products, without Court direction; and

e.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs;

2.    Enter an Order, upon Plaintiff's request, those with notice of the injunction, including without limitation, any online marketplace platforms such as eBay, AliExpress, Wish.com, and Walmart.com (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe on the █████ Patents;

3.    Enter an Order that Defendants and any and all persons controlled by or acting in concert with Defendants to be required to deliver up to Plaintiff for destruction all goods that

infringe the ▮▮▮ Patents or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same;

4.    Award Plaintiff for past and future damages, costs, expenses, together with prejudgment and post-judgment interest to compensate for Defendants' infringement of the ▮▮▮ Patents provided under 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284; More specifically, award to Plaintiff each Defendant's total profits but not less than $250 under 35 U.S.C. § 289.

5.    Find that this is an exceptional case and award Plaintiff attorneys' fees;

6.    Award any and all other relief that this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: May 25, 2023            Respectfully submitted,

                    */s/ Sofia Quezada*
                    Sofia Quezada

                    ***One of the Attorneys for Plaintiff,*** ▮▮▮

Matthew De Preter
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Ste. 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com
squezada@agdglaw.com

4872-5595-9394, v. 3