IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION,<br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 23-cv-3301 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO FILE CERTAIN DOCUMENTS
UNDER SEAL AND TO PROCEED UNDER A PSEUDONYM TEMPORARILY**

Plaintiff, ABC Corporation ("Plaintiff"), by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, respectfully submits its Memorandum of Law in Support of its Motion To File Certain Documents Under Seal and to Proceed Under a Pseudonym Temporarily until such time as the Court holds a hearing on Plaintiff's anticipated Motion for Preliminary Injunction.

**I. INTRODUCTION**

Plaintiff filed its Complaint for patent infringement against the defendants identified on Schedule A to the Complaint (collectively referred to as "Defendants"). Together with the Complaint, Plaintiff is filing this Motion to File Certain Documents Under Seal and to Proceed Under a Pseudonym Temporarily.

As more fully stated in the Complaint and *Ex-Parte* Motion, Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling products infringing upon

Plaintiff's U.S. Patents through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (the "Seller Aliases"). Plaintiff seeks to file under seal certain documents that are necessary to prevent Defendants from learning of the proceedings prior to a temporary restraining order put in place. Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

Additionally, Plaintiff is seeking to proceed temporarily under a pseudonym, for the same reason as it seeks to file certain documents under seal.

## II.   CONTROLLING AUTHORITY

The Court's authority to seal any or all documents lies within its discretion. *In re Search of a Residence which is Situated on a Cul-De-Sac etc.*, 121 F.R.D. 78, 79 (E.D. Wis. 1988). Generally, the record of a judicial proceeding is public and there is a strong presumption that the records should be public. *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). However, judicial records may be sealed when there is a compelling interest. *Shore v. Johnson & Bell, Ltd*, No. 16-cv-4363, 2016 WL 7197421, at *1 (N.D. Ill. Dec. 8, 2016). Public access has been denied where a court finds the records and files might have become a vehicle for improper purposes. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). If a party can show good cause for confidentiality, then the court must balance that with the public's interest in access to the record. *In re Bank One Securities Litigation*, 222 F.R.D. 582, 586 (N.D. Ill. 2004).

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties". However, courts have allowed parties to proceed anonymously provided exceptional circumstances exist. See, e.g., *Doe v. Megless*, 654 F. 3d 404, 408 (3d Cir. 2011); *S. Methodist*

---

[1] The e-commerce store URLs are listed on Schedule A to the Complaint under the Online Marketplaces.

*Univ. Ass'n of Women Law Students v. Wynn & Jaffe*, 599 F. 2d 707, 712 (5th Cir. 1979). To proceed anonymously, "a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F. 3d 372 (7th Cir. 2016) (citation omitted).

**III.    ARGUMENT**

While the Seventh Circuit discourages the sealing of entire pleadings and briefs, *see id.*, Plaintiff respectfully requests that this Court temporarily seal initial pleadings so that it would protect Plaintiff's ability to effectively prosecute this litigation and discover the true identities of the Defendants.

Local Rule 5.7 contemplates that an entire file may be sealed because it authorizes the clerk to accept a complaint and the accompany papers for filing under seal.  However, LR 5.7 only allows the documents to be filed under seal for seven (7) days.  Plaintiff submits that extending the seven day-period is warranted because it is consistent with Federal Rules of Civil Procedure 65(b), which permits the issuance of *ex parte* temporary restraining orders when "immediate and irreparable injury, loss, or damage" would result if the defendants were given advance notice of the plaintiff's pleadings.

If information regarding this action becomes public, it is likely that the Defendants will take steps to conceal, destroy, and/or alter, records relating to the infringing products, and the Defendants can and likely will register new e-commerce stores under new aliases and move any assets to off-shore bank accounts outside the jurisdiction of this Court.  Thus, there is a real danger that permitting this case to be publicly docketed would deprive Plaintiff of the remedies afforded by law and equity.

In order to maintain the confidentiality of the instant proceedings, it is imperative that the Complaint, Exhibits A and B to the Complaint, which lists Plaintiff's patents at issue, Schedule A, Notice of Claims, Notice of Affiliates, Motion for TRO and its accompanying documents, and other court documents relating to the same, including all orders, be maintained under seal until after Plaintiff can obtain documents and information related to the infringing products. Plaintiff requests that the Order sealing this case last long enough to effect service of the Complaint and Summons on Defendants, to execute on the requested orders should the *Ex Parte* Motion be granted, and to process and review data and records obtained from Defendants, in order to identify other sources and owners of the infringing products, in order to take steps to prevent future unauthorized acts. Therefore, Plaintiff respectfully requests that the Court grant the instant Motion and grant Plaintiff leave to file certain documents under seal until such time that the Court holds a hearing on Plaintiff's anticipated Motion for Preliminary Injunction.

For the same reasons, Plaintiff requests proceeding under a pseudonym temporarily because the Defendants operate in concert and routinely monitor cases of this nature filed in the Northern District of Illinois Court. One example of a way that these Defendants act to evade being held responsible is through the website SellerDefense.cn. SellerDefense monitors cases in this district and posts articles every time that a trademark, patent, or copyright infringement case is filed against foreign infringers. Quezada Decl. ¶ 4. Below is a screenshot of the home page of the website:



(See Exhibit A.)

Each article lays out the detail of each case, including the intellectual property at issue, the date the case was filed, the Plaintiff, and the Plaintiff's law firm. Quezada Decl. ¶ 5.



5

As shown in the above screenshot, the case was filed one day prior to the date that the information was posted on SellerDefense. Quezada Decl. ¶ 7-8. See Exhibit B.

The case and intellectual property described in the above screenshot was identified by the SellerDefense website extraordinarily quickly because it was NOT filed under pseudonym. Quezada Decl. ¶ 8-9. The SellerDefense article garnered 152 views within one day of the case's filing. Quezada Decl. ¶ 10. It is likely that many of the Defendants in the action will drain their assets that are attachable within U.S. jurisdiction and escape liability for their actions. Quezada Decl. ¶ 11. Doing so only continues future infringement by these Defendants. Seller Defense urges these infringer to "hurry up" and "withdraw cash", seen below in another article title.



Indeed, websites like SellerDefense assist infringers and encourage them to work together. Quezada Decl. ¶ 12. They include information on chat rooms on both QQ.com and WeChat, as shown below. Quezada Decl. ¶ 13.

contact us

Seller friends can add QQ communication group: SellerDefense19 group: 564268517 (if you have already added other groups, you don't need to add it again)

If you want to know more infringement information, you can enter the SellerDefense official website to check the latest news: https://sellerdefense.cn/

6



SellerDefense is just one source that strictly monitors these cases being filed. Quezada Decl. ¶ 14. Having the Plaintiff proceed as a pseudonym is critical to preserve any possibility of redress of harm to Plaintiff. Quezada Decl. ¶ 15. If only certain documents were filed under seal, but the Plaintiff's name was publicized, Defendants would be able to search the Plaintiff to find out and/or already know the brand at issue of the intellectual property claims. Thus, it is imperative, and exceptional circumstances exist, to allow Plaintiff to proceed under pseudonym temporarily and file certain documents under seal.

## IV.     CONCLUSION

WHEREFORE, Plaintiff, ABC Corporation, respectfully requests that this Court allows Plaintiff leave to file certain documents under seal at least until such time that the Court holds a hearing on Plaintiff's Motion for Preliminary Injunction.

Dated: May 25, 2023    Respectfully submitted,

/s/ *Sofia Quezada*
Sofia Quezada

***One of the Attorneys for Plaintiff***

Matthew De Preter
Sofia Quezada
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Ste. 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com
squezada@agdglaw.com

4882-5088-1635, v. 2