IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION, <br><br> Plaintiff, <br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 23-cv-3301 <br><br> Judge Thomas M. Durkin |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rules of Civil Procedure 4(f)(3), Plaintiff, ABC Corporation ("Plaintiff"), respectfully requests that this Court authorize Plaintiff to serve process by electronically publishing a share file link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail to the email-addresses identified in Schedule A to the Complaint provided for Defendants by third-parties that includes a link to said website or by providing the link to the website to the third-party hosting Defendant's store (such as, Walmart.com or Wish.com) with a request to forward the link to the Defendant store owner.

Plaintiff submits that providing notice via electronic publication and electronic mail messages, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because off-shore e-commerce store operators offering for sale products using counterfeit trademarks typically provide misleading

or incomplete names and physical address information enabling them to conceal their locations and avoid liability for their unlawful conduct and rely primarily on electronic communications to communicate with their third-party service providers and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. *See* Declaration of Matthew De Preter, ¶ 2. Authorizing service of process solely via electronic messaging and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this matter, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

An investigation of the e-commerce stores operating under Seller Aliases identified in Schedule A to the Complaint revealed that few, if any, provide a physical address on the e-commerce store. De Preter Declaration, ¶3. In most instances, Defendants must provide an e-mail address, an electronic messaging address, and/or physical address to third-party online marketplace platforms such as AliExpress and Walmart.com when registering their account. *Id.* However, Wish.com does not provide any reliable information regarding the identity of the seller or the ability to contact the seller directly. *Id.* Many of the sellers of infringing products sell other products, and it behooves the sellers to maintain and monitor the electronic messaging accounts associated with the seller accounts so that they can communicate with customers about orders. *Id.* However, in the case of physical addresses, such sites' terms and conditions provide no indication that the physical address is ever verified. *Id.* Since an e-commerce store operator can input any physical address, such addresses may be false and/or not where the e-commerce store operator is located. *Id.* Even if such a physical address is available, it is not a reliable means for identifying and locating Defendants. *Id.*

In addition, e-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. Therefore, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Fed. R. Civ. P. 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, at *6-7 (N.D. Ill. Apr. 19, 2013). The Ninth Circuit in *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Plaintiff has good cause to suspect that Defendants are all residents of China, Hong Kong, or other foreign countries. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). De Preter Declaration, ¶ 4. "The Hague Convention is in force in Hong Kong." *Flava Works*, 2013 WL 1751468, at *6. Indeed, for many Defendants, the sales information for the infringing product indicated it was being shipped from China or Hong Kong.

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." De Preter Declaration, ¶ 4. In this case, despite investigation, Plaintiffs have not been able to reasonably confirm the true identity and therefore true address of the Seller Alias Defendants. *Id.* United States District Courts,

including this Court, routinely permit alternative services of process notwithstanding the Hague Convention. *See e.g., In re Potash Antitrust Litig.*, 667 F. Supp. 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Conventions."); *see also Strabala v.* Zhang, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)). The Hague Convention also does not preclude service by e-mail. De Preter Declaration, ¶ 4. *See, e.g.*, *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012) (citing cases where court held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China).

Further, Rule 4 does not require that a party attempting service by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Flava Works*, 2013 WL 1751468, at *7. Because the Seventh Circuit had not addressed the issue of hierarchy for service, the court in *Flava Works* adopted the reasoning in *Rio Properties*. As the court in *Rio Properties* explained, Rule 4(f) does not create a hierarchy of preferred methods of service process. *Id.* at 1016. To the contrary, the plain language of Rule 4(f) requires only that service be directed by the court and not prohibited by international agreement. *Id.* There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief" but is rather one means among several by which an international defendant may be served. *Id.*

Likewise, courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA v. Gotech International Technology Limited*, 882 F.3d 494, 498 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, [defendant] argues that service did not comply with the Hague

4

Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3).") Finally, court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be meet by following the Hague Convention methods . . ." because the injunctive relief sought by Plaintiff. *Strabala*, 318 F.R.D. at 114 (internal citation omitted). As such, this Court may allow Plaintiff to serve Defendants via electronic publication and email.

      For all the reasons set forth above, Plaintiff respectfully requests that this Court grant it permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons[1] in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

---

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, *or may serve copies of a single original bearing the names of multiple defendants* if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).

Dated: May 26, 2023    Respectfully submitted,

/s/ *Matthew De Preter*
Matthew De Preter

***One of the Attorneys for Plaintiff***

Matthew De Preter
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Ste. 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com
squezada@agdglaw.com

4884-6256-2403, v. 1