IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEIFENG ZHIZAO (SHENZHEN) TECHNOLOGY CO., LTD. D/B/A/ BEBIRD,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>　　　　　　　Defendants. | Case No. 23-cv-3301<br><br>Judge Thomas M. Durkin |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Heifeng Zhizao (Shenzhen) Technology Co., Ltd. d/b/a bebird ("bebird") against the defendants identified on Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and bebird having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; bebird having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, bebird has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products infringing protectable elements of bebird's federally registered patents (the "bebird Patents") to residents of Illinois. In this case, bebird has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products infringing protectable elements of the bebird Patents. *See* Docket No. 13, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois bearing infringing versions of the bebird Patents.

A list of the bebird Patents is included in the below chart.

| Registration Number | Exemplary Patent Images |
|---|---|
| D972900 | |
| D974856 | |

This Court further finds that Defaulting Defendants are liable for willful federal patent infringement (35 U.S.C. § 271; 35 U.S.C. §284; 35 U.S.C. §289).

Accordingly, this Court orders that bebird's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the bebird Patents or any reproductions, copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine bebird product or not authorized by bebird to be sold in connection with the bebird Patents;

3

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine bebird product or any other product produced by bebird, that is not bebird's or not produced under the authorization, control, or supervision of bebird and approved by bebird for sale under the bebird Patents;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of bebird, or are sponsored by, approved by, or otherwise connected with bebird; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for bebird, nor authorized by bebird to be sold or offered for sale, and which bear any of bebird's patents, including the bebird Patents, or any reproductions, copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the bebird Patents; and

  b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the bebird Patents or any reproductions, copies or colorable imitations thereof that is not a genuine bebird product or not authorized by bebird to be sold in connection with the bebird Patents.

3. Upon bebird's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the bebird Patents.

4. Pursuant to 34 U.S.C. § 271; 35 U.S.C. §284; and 35 U.S. Code § 289, bebird is awarded damages from each of the Defaulting Defendants in the amount shown in the attached Schedule A for willful infringement of the bebird Patents on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the damages awarded in Paragraph 5 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third

Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to bebird as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to bebird the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until bebird has recovered full payment of monies owed to it by any Defaulting Defendant, bebird shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that bebird identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, bebird may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified and provided for Defaulting Defendants by third parties.

9. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This is a Default Judgment.

Dated: 9/6/2023

_Thomas M. Durkin_

Thomas M. Durkin
United States District Judge

## Schedule A

| No. | Defendant Name | Judgment Award | No. | Defendant Name | Judgment Award |
|---|---|---|---|---|---|
| 1 | Dismissed | | 40 | Exception | |
| 2 | MEUSEBIKE | $ 27,966.96 | 41 | Dismissed | |
| 3 | Dismissed | | 42 | Exception | |
| 4 | Dismissed | | 43 | Exception | |
| 5 | Exception | | 44 | Exception | |
| 6 | Dismissed | | 45 | ZHAOXIZI | $ 750.00 |
| 7 | CHUNSENUS | $ 3,874.98 | 46 | Tilco | $ 750.00 |
| 8 | Dismissed | | 47 | Dismissed | |
| 9 | Exception | | 48 | Exception | |
| 10 | Dismissed | | 49 | MISONG | $ 3,493.14 |
| 11 | Dismissed | | 50 | Exception | |
| 12 | Exception | | 51 | Exception | |
| 13 | Exception | | 52 | Exception | |
| 14 | Exception | | 53 | Dismissed | |
| 15 | Exception | | 54 | Exception | |
| 16 | Exception | | 55 | JiaMall | $ 9,007.95 |
| 17 | Exception | | 56 | Exception | |
| 18 | Exception | | 57 | Exception | |
| 19 | Exception | | 58 | Exception | |
| 20 | Exception | | 59 | Exception | |
| 21 | Exception | | 60 | lanjingyu | $ 750.00 |
| 22 | Exception | | 61 | Exception | |
| 23 | Exception | | 62 | Exception | |
| 24 | Exception | | 63 | al-ven | $ 18,554.94 |
| 25 | Exception | | 64 | Exception | |
| 26 | Exception | | 65 | Exception | |
| 27 | Exception | | 66 | King Square | $ 750.00 |
| 28 | Exception | | 67 | Exception | |
| 29 | Exception | | 68 | Exception | |
| 30 | Exception | | 69 | Dismissed | |
| 31 | Exception | | 70 | Exception | |
| 32 | Exception | | 71 | Exception | |
| 33 | Exception | | 72 | Lang rong1 | $ 750.00 |
| 34 | Exception | | 73 | AOTOTEN-US | $ 65,780.46 |
| 35 | Exception | | 74 | Exception | |
| 36 | Exception | | 75 | Exception | |
| 37 | Ear Wellness | $ 750.00 | 76 | Exception | |
| 38 | Bysku-Direct | $ 750.00 | 77 | Jmdbwsm | $ 750.00 |
| 39 | Exception | | 78 | WEN-TAO | $ 3,561.51 |

| No. | Defendant Name | Judgment Award | No. | Defendant Name | Judgment Award |
|---|---|---|---|---|---|
| 79 | Exception | | 120 | Exception | |
| 80 | Exception | | 121 | Dismissed | |
| 81 | QiJingSM | $ 750.00 | 122 | Exception | |
| 82 | viogo | $ 750.00 | 123 | Exception | |
| 83 | Dongqinkeji | $ 107,254.95 | 124 | Exception | |
| 84 | Exception | | 125 | Exception | |
| 85 | Exception | | 126 | Exception | |
| 86 | Dismissed | | 127 | Exception | |
| 87 | HAMIQI | $ 21,435.39 | 128 | Exception | |
| 88 | STARSSHINE | $ 11,872.56 | | | |
| 89 | UPMOSTEK | $ 34,857.63 | | | |
| 90 | Qimic | $ 750.00 | | | |
| 91 | shipinmy | $ 750.00 | | | |
| 92 | LiveFree-US | $ 750.00 | | | |
| 93 | Exception | | | | |
| 94 | CAZSHOP | $ 750.00 | | | |
| 95 | Yoobao | $ 64,806.66 | | | |
| 96 | ZDEER | $ 2,735.55 | | | |
| 97 | Starfar | $ 750.00 | | | |
| 98 | huiyuedianzishangwu | $ 750.00 | | | |
| 99 | TOGAVE | $ 750.00 | | | |
| 100 | Exception | | | | |
| 101 | Exception | | | | |
| 102 | Dismissed | | | | |
| 103 | Exception | | | | |
| 104 | Exception | | | | |
| 105 | gjg6_67 | $ 750.00 | | | |
| 106 | Dismissed | | | | |
| 107 | extrahighqualityitems | $ 750.00 | | | |
| 108 | hmqe_2 | $ 750.00 | | | |
| 109 | Dismissed | | | | |
| 110 | Dismissed | | | | |
| 111 | WANGO | $ 750.00 | | | |
| 112 | Dismissed | | | | |
| 113 | Dismissed | | | | |
| 114 | Dismissed | | | | |
| 115 | Yoobao Family | $ 14,949.42 | | | |
| 116 | Dismissed | | | | |
| 117 | Dismissed | | | | |
| 118 | Dismissed | | | | |
| 119 | Exception | | | | |