UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEIFENG ZHIZAO (SHENZHEN) TECHNOLOGY CO., LTD. d/b/a BEBIRD, <br><br>Plaintiff, <br><br>v. <br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br>Defendant. | No. 23 CV 3301 <br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues the defendants identified on Schedule "A" for patent infringement. Certain defendants counterclaimed, and Plaintiff moves to dismiss Counterclaims III, IV, and VII for failure to state a claim. For the reasons stated below, Plaintiff's motion to dismiss is denied.

**Background**

Plaintiff owns United States Patent Nos. D972,900 (the '900 Patent) and D974,856 (the '856 Patent), which are design patents for Plaintiff's ear wax removal product. R. 7 ¶ 1–5. Plaintiff alleges that defendants sell products that infringe these patents. *Id.* ¶¶ 6–7. In response, certain defendants counterclaimed: Claim III seeks a declaratory judgment that the '900 Patent is unenforceable due to alleged inequitable conduct, R. 178 ¶ 18, Claim IV seeks the same for the '856 Patent, *id.* ¶ 42, and Claim VII seeks damages for unfair competition, *id.* ¶ 92.

1

Plaintiff moves to dismiss Counterclaims III, IV, and VII. R. 127.[1] In assessing Plaintiff's motion to dismiss, the Court assumes the truth of the counterclaim's factual allegations. *See Hernandez v. Illinois Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023). The background presented below reflects the relevant factual allegations as presented in the counterclaims.

Plaintiff filed an application for the '900 Patent on November 25, 2021 and for the '856 Patent on August 25, 2022. R. 178 ¶¶ 19–20, 43–44. More than one year prior to filing the application for the '900 Patent, Plaintiff offered at least two products for sale on Amazon which used "the same or basically the same" design as asserted in the '900 Patent that created "substantially the same visual impression." *Id.* ¶¶ 24–26, 28–30. And more than one year prior to filing the application for the '856 Patent, Plaintiff offered at least two products for sale on Amazon which used "the same or basically the same" design as asserted in the '856 Patent that created "substantially the same visual impression." *Id.* ¶¶ 46–48, 50–52. To support these allegations, the counterclaims include screenshots from Amazon. *Id.* ¶¶ 24, 28, 46, 50.

Shihong Wang was the named inventor of both patents. *Id.* ¶¶ 19, 43. Wang was also responsible for authorizing Plaintiff's sales on Amazon. *Id.* ¶¶ 25, 29, 47, 51. He was thus aware of these prior Amazon products when he submitted the patent applications, yet he did not disclose the Amazon products in either application. *Id.* ¶¶ 20, 44.

---

[1] Plaintiff's Motion to Dismiss, R. 127, was originally filed in response to the First Amended Counterclaims. Though defendants filed Second Amended Counterclaims, R. 178, Plaintiff indicated to the Court that further briefing was unnecessary, R. 173.

Also relevant, the United State Patent and Trademark Office (the "PTO") initially rejected the application for the '900 Patent after finding the claimed design was anticipated by an Amazon listing (separate from the Amazon products described above). *Id.* ¶ 21. The PTO believed that the listing had been available on Amazon on March 28, 2021, and thus predated the patent application. *Id.* In response to the rejection, Wang submitted a declaration to the PTO stating that (1) Wang was the inventor of the product in this listing and (2) the product had not been made available on Amazon until June 23, 2022, and thus postdated the patent application. *Id.* ¶ 22. Following the submission of Wang's declaration, the PTO reversed the rejection and granted the patent. *See id.* ¶ 19.

## Legal Standard

Although this is a patent case, the Court applies the Seventh Circuit's Rule 12(b)(6) standard. *See Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367, 1371 (Fed. Cir. 2003) (reviewing motion to dismiss under procedural law of the regional circuit). The legal standard required to dismiss a counterclaim is the same as the standard to dismiss a complaint. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir.2001). The counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

Ordinarily, under Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But claims alleging fraud must satisfy the heightened pleading requirement of Federal Rule of Civil Procedure Rule 9(b), which requires that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Rule 9(b) heightened pleading standard applies to claims of inequitable conduct before the PTO, and "[w]hether inequitable conduct has been pleaded with particularity under Rule 9(b) is a question governed by Federal Circuit law." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). Counterclaims III and IV are thus analyzed under Federal Circuit law and applying the heightened Rule 9(b) pleading standard. Counterclaim VII, however, is analyzed under Seventh Circuit law and applying the less demanding Rule 8(a)(2) standard.

**Discussion**

### I. The Date of the Amazon Products

Plaintiff argues that the Amazon screenshots provided in the counterclaims are misleading and that Plaintiff did not offer the patented products (or any substantially similar products) for sale on Amazon more than one year prior to the respective patent application dates. R. 128 at 5. Plaintiff attaches extrinsic evidence to its motion, *id.* Exs. A–G, and contends that "weighing the evidence"—in other words, reviewing the attached exhibits—refutes the dates as alleged in the counterclaims, *id.* at 6.

4

In general, when additional evidence is attached to a motion to dismiss, courts should exclude that evidence. *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). There are two exceptions. First, the incorporation-by-reference doctrine allows courts to consider attachments, but only if the attachment is directly mentioned in the original claim and is central to the claim. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Incorporation by reference is meant to be a "narrow exception" typically reserved for contract cases. *188 LLC*, 300 F.3d at 735. This case falls outside the narrow exception intended for incorporation by reference—there is no central document, such as a contract, on which the claims rest. Second, the Court has discretion to convert the motion to dismiss into a Rule 56 motion for summary judgment, which would allow the Court to consider the attachments. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The Court declines to convert this motion. The disputed issue—whether there is prior art that invalidates the patents—is central to this case. This issue will likely be a focus of discovery, which is currently ongoing. At this stage, it would be improper for the Court to wade into a morass of conflicting and undeveloped evidence to determine the actual date of the Amazon products. This issue is best left for discovery. As alleged, the products were offered on Amazon more than one year prior to Plaintiff filing the respective patent applications, so a proper claim has been made.[2]

---

[2] Plaintiff is allowed a one-year grace period to offer a product for sale prior to filing the patent application. *See* 35 U.S.C. § 102(b)(1)(a) ("A disclosure made 1 year or less before the effective filing date of a claimed invention shall not be prior art to the claimed invention . . . [if] the disclosure was made by the inventor or joint inventor."). Thus, if Plaintiff offered the Amazon products for sale within the one-year grace period, the products would not constitute prior art.

## II. Inequitable Conduct

Inequitable conduct occurs when a "patentee breaches [his duty to the PTO] of candor, good faith, and honesty" and is an "equitable defense to patent infringement that, if proved, bars enforcement of a patent." *U.S. Water Servs., Inc. v. Novozymes A/S*, 843 F.3d 1345, 1352 (Fed. Cir. 2016). An inequitable conduct claim has two elements: (1) Materiality: "an individual associated with the filing and prosecution of a patent application . . . failed to disclose material information" to the PTO and (2) Intent: "the individual did so with a specific intent to deceive the PTO." *Kranos IP Corp. v. Riddell, Inc.*, 334 F. Supp. 3d 907, 912 (N.D. Ill. 2018) (citing *Exergen*, 575 F.3d at 1327 n.3). *See also Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) ("Intent and materiality are separate requirements.").

### A. Materiality

To allege materiality at the pleading stage, a party must set forth the "specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327. Counterclaimants have met this requirement.

Regarding the "who", the pleading must identify a specific individual, rather than an organization, who knew of and withheld the information. *Exergen*, 575 F.3d at 1329. As alleged, Shihong Wang was the named inventor for the both the '900 and '856 Patents, and he was also aware of the Amazon products. Regarding the "when", the omissions occurred when Plaintiff filed the patent applications, respectively on November 25, 2021 and on August 25, 2022.

6

Regarding the "what" and "where", the pleading must identify which claims are relevant to the prior art and where in the prior art the material information is found. *Exergen*, 575 F.3d at 1329. In *Exergen*, the Federal Circuit established this standard for a utility patent, *see id.*, and for cases involving utility patents, courts have required specific identification of claims and limitations. *See, e.g., Baxter Int'l, Inc. v. CareFusion Corp.*, 2017 WL 1049840, at *6 (N.D. Ill. Mar. 20, 2017) (movants prepared a claim chart that cross-referenced specific claims and limitations with the prior art). This case, however, deals with design patents. Design patents do not contain claims and limitations, but rather images of the product's appearance. As such, Counterclaimants cannot identify specific claims and must instead identify prior art that, by its appearance, is material to the patent. The pleading did exactly that—as alleged, the Amazon products were "the same or basically the same" design as the patents and created "substantially the same visual impression."

Finally, regarding the "how", the pleading must explain "how an examiner would have used [the material] information in assessing . . . patentability." *Exergen*, 575 F.3d at 1329–30. Specifically, "the materiality required to establish inequitable conduct is but-for materiality." *Therasense*, 649 F.3d at 1291. To show but-for materiality, the pleading must "allege facts giving rise to a reasonable inference that the PTO would have rejected [the] application had the named individuals brought the [prior art] to its attention." *Kranos*, 334 F. Supp. 3d at 913 (applying Federal Circuit law). Here, Counterclaimants identify Amazon products with "the same or basically the same" design as disclosed in the patents. Counterclaimants also allege an

7

example of the PTO using another Amazon listing as its basis to initially reject the '900 Patent.[3] The Court thus reasonably infers that if the PTO had been aware of Amazon products showing "the same or basically the same" design as the in the patent applications, the PTO would have rejected the applications.

### B. Intent

To allege deceptive intent, the pleading must allege facts showing that an individual knew of specific material information at the time of the patent application and then made a deliberate decision to withhold that information from the PTO. *Exergen*, 575 F.3d at 1331. To prove deceptive intent on the merits, deceptive intent must be the "single most reasonable inference" based on the facts. *Kranos*, 334 F. Supp. 3d at 915 (applying Federal Circuit law). At the pleading stage, however, "an inference of deceptive intent simply must be reasonable, meaning that it must be plausible and flow from the facts alleged." *Id.* (internal citations omitted). As alleged, Wang authorized Plaintiff to offer products on Amazon that were "the same or basically the same" as the '900 and '856 Patents. The Court reasonably infers that Wang was aware of these Amazon products and that as named inventor of the '900 and '856 Patents, Wang was also aware that these Amazon products were material at the time he submitted the patent applications. The Court thus finds it plausible that Wang acted with deceptive intent when excluding the Amazon products from the patent applications.

---

[3] As alleged, Plaintiff overcame this rejection by submitting evidence to the PTO that disputed the date of the Amazon listing. Plaintiffs may be able to provide similar evidence for the Amazon products identified in the counterclaims. But, as already stated, such evidence is not properly before the Court on this motion.

### III. Unfair Competition

Counterclaim VII alleges a claim under Illinois law for tortious interference with a prospective economic advantage. Plaintiffs argue that this claim should be dismissed for three reasons. First, because it is preempted by federal patent law. R. 128 at 11–12. Second, because tortious interference requires a showing of impropriety. *Id.* at 11–15. And third, because defendants failed to identify a valid business relationship between themselves and a third party. R. 165 at 9.

Regarding preemption, state tort claims against a patent holder for enforcing a patent in the marketplace, including tortious interference claims, are generally preempted by federal patent laws. *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008). If, however, the claimant can show that the patent holder acted in bad faith regarding the patent, there is no preemption. *Id.* Here, because Counterclaimants sufficiently allege inequitable conduct, there is no preemption.

Regarding impropriety, Plaintiffs correctly assert that tortious interference requires a showing that the tortfeasor "committed some impropriety in interfering with [] business expectancies." *Holbrook Mfg LLC v. Rhyno Mfg. Inc.*, 497 F. Supp. 3d 319, 338 (N.D. Ill. 2020). Again, because Counterclaimants sufficiently allege inequitable conduct, they meet this bar.

Regarding the business relationship, Plaintiffs correctly assert that tortious interference requires that the harmed party had a "separate and independent business relationship with a third party." *F.E.L. Publications, Ltd. v. Cath. Bishop of Chicago*, 754 F.2d 216, 221 (7th Cir. 1985). As alleged, Counterclaimants are e-

commerce merchants who have executed comprehensive agreements with third party e-commerce platforms such as Amazon. R. 178 ¶¶ 71–72. Counterclaimants thus sufficiently allege a business relationship.

## Conclusion

For the foregoing reasons, Plaintiff's motion to dismiss, R. 127, is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

DATED: January 4, 2024